IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARIO TAVAROUS YOUNG, #04972-104, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:23-cv-691-ECM-JTA |
| ALAN COHEN, | ) ) ) | |
| Respondent. | ) | |

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

### I.     INTRODUCTION

Petitioner Mario Tavarous Young, an inmate at Montgomery Federal Prison Camp, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging a sentence imposed in the Southern District of Florida. (Doc. No. 1.) Young alleges that his sentence should be reduced based upon the recent decision of the Eleventh Circuit in *United States v. Days*, No. 22-13305, 2023 WL 6231058 (11th Cir. Sept. 26, 2023). (*Id.* at 6–7.) For the following reasons, the undersigned concludes that this action should be DISMISSED for lack of jurisdiction.

### II.     DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (citation omitted). Thus, although brought as a petition under 28 U.S.C. § 2241, the

Court must evaluate Young's pleading to determine whether it was properly styled as such or whether it would be more appropriately treated as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue to challenge such matters as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus relief under § 2241); *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994) (recognizing that a habeas petition under § 2241 "challeng[es] the manner in which [a] sentence is being executed rather than the validity of [the] conviction and sentence").

In contrast, however, Young is challenging the actual validity of his sentence. A federal prisoner generally must bring such a collateral attack through a motion to vacate under § 2255 rather than as a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *see also Venta v. Warden, FCC Coleman-Low*, No. 16-14986-GG, 2017 WL 4280936, at *1 (11th Cir. Aug. 3, 2017). A prisoner challenging the legality of his conviction or sentence may proceed under § 2241 only if he shows that § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir.

2

2018). The distinction between petitions filed under § 2241 and motions filed under § 2255 is significant in that § 2241 petitions are to be brought in the district where the prisoner is incarcerated, *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004), while § 2255 motions must be pursued in the district of conviction:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which imposed the sentence** to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).

When a prisoner brings "a traditional claim attacking his sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention." *McCarthan*, 851 F.3d at 1090 ("Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions."). Because Young's claims fall squarely within the realm encompassed by § 2255, and notwithstanding the label he has placed on his filing, his purported § 2241 petition will be appropriately construed as a § 2255 motion. Thus, jurisdiction over Young's pending claims lies exclusively in the Southern District of Florida. *See* 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 1631, a court finding that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought. However, a § 1631 transfer to the Southern District of

Florida would be futile in this case. The undersigned notes that Young previously filed a § 2255 motion that was denied on the merits by the Southern District of Florida. *See Young v. United States of America*, Case No. 1:20-cv-21243-KMW (S.D. Fla. 2020). Pursuant to the Antiterrorism and Effective Death Penalty Act, a prisoner must seek authorization from the appropriate court of appeals "[b]efore a second or successive [motion] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A); *see also id.* § 2255(h). Young has presented no evidence that he obtained such authorization; to the contrary, his filing reflects that no leave was sought.[1] (Doc. No. 1 at 4.) Under such circumstances, the undersigned finds that the interest of justice does not warrant a § 1631 transfer and that dismissal is proper. *See Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) (observing that the language of § 2244(b)(3)(A) may prohibit a § 1631 transfer of a successive application for collateral review).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Young's purported 28 U.S.C. § 2241 petition (Doc. No. 1), which the Court construes as a 28 U.S.C. § 2255 motion, be DISMISSED for lack of jurisdiction.

It is further ORDERED that, on or before **March 20, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.

---

[1] Young further represents that he has *not* already filed a § 2255 motion challenging his conviction or sentence. (Doc. No. 1 at 4.) However, Young's filing indicates that he is challenging his sentence imposed in Case No. 17-CR-20140. (*Id.* at 1.) Young's prior § 2255 motion likewise makes clear that he challenged his sentence imposed in Case No. 17-CR-20140. *See Young*, Case No. 1:20-cv-21243-KMW (Docs. No. 1, 8).

Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of March, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE